1, Motion will lie against a Sheriff, &c. for failing to return a ca. sa.
2, Not necessary that it be shewn by verdict that the execution was delivered to the Sheriff, and that he failed to return it, unless these facts be controverted.
3, If judgment be rendered on motion against persons charged as Sheriff's securities, the Record must shew that it appeared to the Court that they were securities.

John McWhorter and al. *against* John A. Marrs.

IN *Dallas* Circuit Court, at *April* term, 1824, John A. Marrs recovered a judgment on motion against John McWhorter, Sheriff of *Jefferson* County, and John Brown, jr., Dempsey H. Hicks, and Thomas S. Hutchingson, for failing to return a writ of capias ad satisfaciendum, issued from said Court at the suit of *Marrs* against James L. Baird.

The Record sets out that it appeared to the satisfaction of the Court that *Marrs* recovered the judgment against *Baird,* stating its amount; that on the second day of *May,* 1823, a ca. sa. issued thereon, and on the 20th day of *June,* 1823, was delivered to *McWhorter,* then Sheriff of *Jefferson* County, to execute and return; that said Sheriff has failed to return the same to the office of the Clerk of the Court: that said *Brown, Hicks,* and *Hutchingson* were personally served with notice of the motion on the 22d day of *May* last; and that said *McWhorter, Brown,* &c. having been solemnly called, failed to appear. It is therefore considered by the Court that said *John A. Marrs* recover of the said *John McWhorter, John Brown,* jr. &c.

The Record does not state that it appeared to the Court that said *Brown, Hicks,* and *Hutchingson,* were the securities of the Sheriff.

Judge *Saffold* delivered the opinion of the Court.

The first assignment is, that a judgment on motion cannot be rendered for failure to return a writ of capias ad satisfaciendum. The Act of 1819 makes it the duty of the Sheriffs to return all executions which have not been levied, or on which the money has not been made, to the Clerk's office by the first day of the term, &c. The next section of this Act directs that when any Sheriff shall fail to perform the duties by the Act required, the person aggrieved may move and have judgment against such Sheriff and his securities for the amount he has failed to pay over, or for failing to return the execution in manner as directed, &c.

(Laws Ala. 316, 678.) A ca. sa. is as much an execution as a fi. fa. or any other writ of execution. The term levy is applicable to every description of executions, and the Statute is equally peremptory as to the return of all. A majority of the Court is of opinion that this summary proceeding is equally applicable to a failure to make return of any description of execution.

The second assignment is, whether the execution was delivered to the Sheriff, and whether he returned it or not, were facts which should have been ascertained by a Jury.

The official entries and information of the Clerk are by law evidence of the issuing and delivery of the execution. If the facts are not contested, and if on search of the files by the proper officers of the Court, no execution can be found, or if found, there is no endorsement of the Sheriff's return, nothing is controverted or put in issue which, either by the Constitution or the law, requires a trial by Jury.

The third assignment is, that it is not stated that it appeared or was in any manner made known to the Court that *Brown, Hicks,* and *Hutchingson,* were securities for *McWhorter,* the Sheriff. This assignment appears to be well taken. The law authorises a judgment against the Sheriff and his securities on notice given to either. The Sheriff, a public officer, may be presumed to be known as such to any Court in the State from which process is directed to him. It is not so as respects the securities. I hold it to be indispensably necessary in this summary proceeding, (at any rate if not waived by their presence and tacit admission) that the fact of their being securities should be proved, and that it should appear by the Record that this matter was shewn in the Court below.

It is the opinion of the majority of the Court that the judgment be reversed.

The Chief Justice absent.